IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORUS CORPORATION, | No. C-06-2454 MMC |
| Plaintiff, | **ORDER CONSTRUING CLAIMS** |
| v. | |
| RESTORATION HARDWARE, INC., et al., | |
| Defendants / | |

Before the Court is the parties' dispute regarding the proper construction of seven terms in U.S. Patent 6,082,422 ("422 Patent") and U.S. Patent 5,520,230 ("230 Patent"). Plaintiff Storus Corporation and defendants AROA Marketing, Inc. and Skymall, Inc. have submitted briefs and evidence in support of their respective positions. The matter came on regularly for hearing on March 5, 2007. Jerry Davis Gilmer and Joseph J. Zynczak of the Rubinstein Law Group appeared on behalf of plaintiff. Robert J. Lauson of Lauson & Associates appeared on behalf of defendants. Having considered the papers submitted and the arguments of counsel, the Court rules as follows.[1]

---

[1] Where the Court has adopted, or adopted with minor modification, the construction proposed by one of the parties, the Court has so ruled for the reasons stated by the Court at the claim construction hearing and by such party in its briefing. Where the Court has construed a term in a manner not substantially similar to that proposed by either party, specifically, with respect to "one-piece" and "one piece holder," the Court has set forth its reasoning herein.

**1. "Resilient Retaining Member" (422 Patent, Claim 1)[2]**

"A resilient retaining member" is construed as "an elastic or springy holding and securing member."[3]

**2. "Resilient Portion" (422 Patent, Claim 9)**

"A resilient portion" is construed as "an elastic or springy portion of the hinged money clip."

**3. "Stop" (422 Patent, Claims 1, 9, 12)**

"Stop" is construed as "an impediment or obstacle that blocks forward movement of the cards."

**4. "Integrally Formed"/"Formed Integrally" (422 Patent, Claims 1, 9, 12)**

"Integrally formed" and "formed integrally" are construed as "formed with material common to the rest of the unit, and the connection having no mechanical joints."[4]

**5. "One-piece" (422 Patent, Claim 1)**

"One-piece" is construed as "having no parts that separate from the unit during normal operation and containing no parts that are not integrally formed."

When both terms are given their ordinary meaning, the term "one-piece" is the equivalent of "integral." See, e.g., Rexnord Corp. v. Laitram Corp., 274 F. 3d 1336, 1341, 1344-45 (Fed. Cir. 2001) (equating "integral" with "one-piece"; distinguishing "two-piece structure" from "an 'integral' structure"); Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 133 F. Supp. 2d 833, 840 (E.D. Va. 2001) (construing "one piece caliper" as "a caliper constructed or formed as a single, integral piece"). At the claim construction hearing, the parties agreed that when one part of a device is "integrally formed" with

---

[2] For each disputed term, the Court has identified the independent claim(s) in which such term is found.

[3] The Court finds "resilient retaining member" is not subject to construction under 35 U.S.C. § 112, ¶ 6.

[4] The Court has not included in its construction the word "base," because such language is already included in the claims. See, e.g., 422 Patent, col. 5, ll. 8-9 ("a resilient retaining member integrally formed with the base"); id., col. 6, ll. 9 ("a stop formed integrally with said base").

another part of the device, the two parts are not connected with mechanical joints.  Such definition is consistent with the ordinary meaning of "integral" as distinguished from "two-piece," or "separate."  See Rexnord Corp., 274 F. 3d at 1345 (noting "the other two embodiments do not describe two-piece, or separate, constructions";  further noting "words that connote a quality of being 'separate'" include "attachment"); compare 422 Patent, col. 4, ll. 65 - col. 5, ll. 37 (claiming "one-piece holder" comprising exclusively "integrally formed" parts), with id., col. 6, ll. 1-18 (claiming "combination money clip and card holder" comprising both "integrally formed" parts and "pivotally attached" part).

**6.  "One-Piece Holder" (230 Patent, Claims 1, 7, 13)**

"One-piece holder" is construed as "a holder having no parts that separate from the unit during normal operation and containing no parts that are not integrally formed."

**7.  "Continuously Curved" (230 Patent, Claims 1, 7, 13)**

"Continuously curved" is construed as "rounded without interruption in the longitudinal direction."

**IT IS SO ORDERED.**

Dated: March 22, 2007

MAXINE M. CHESNEY
United States District Judge