1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
                                            No. C-06-2454 MMC
11   STORUS CORPORATION,
                                            **ORDER GRANTING IN PART AND**
12              Plaintiff,                   **DENYING IN PART DEFENDANTS'**
                                            **MOTION FOR SUMMARY**
13        v.                                 **ADJUDICATION; VACATING HEARING**

14   AROA MARKETING, INC., et al.,

15              Defendants

16   _____/

17

18        Before the Court is defendants Aroa Marketing, Inc. ("Aroa") and Skymall, Inc.'s

19   ("Skymall") motion for summary adjudication, pursuant to Rule 56 of the Federal Rules of

20   Civil Procedure, filed December 28, 2008.  Plaintiff Storus Corporation has filed opposition,

21   to which defendants have replied.  Having read and considered the papers filed in support

22   of and in opposition to the motion, the Court finds the motion suitable for decision on the

23   papers submitted, VACATES the hearing scheduled for February 1, 2008, and rules as

24   follows.

25        In its First Amended Consolidated Complaint, plaintiff alleges defendants infringe

26   U.S. Patent 5,520,230 ("'230 Patent") and U.S. Patent 6,082,422 ("'422 Patent").  By the

27   instant motion, defendants seek summary adjudication in their favor as to two issues: (1)

28   whether eight accused products, specifically, "TM 287 Gold," "TM 288 Nickel," "TM 498

Gold," "TM 498 Nickel," "TM 499 Gold," "TM 499 Nickel," "TM 335 Nickel," and "TM 498 Gold with Watch" (collectively, "the Current Products")[1] infringe either of the two patents at issue herein; and (2) with respect to the '230 Patent, whether plaintiff is precluded from recovering damages for infringement occurring prior to the date the instant action was filed.

**A. Current Products**

Each asserted independent claim in the '230 Patent claims a "one-piece holder" comprising certain elements; the Court has construed "one-piece holder" as "a holder having no parts that separate from the unit during normal operation and containing no parts that are not integrally formed." Each asserted independent claim in U.S. Patent 6,082,422 ("'422 Patent") claims a "holder" comprising certain elements, including a "stop"; the Court has construed "stop" as "an impediment or obstacle that blocks forward movement of the cards." Defendants argue none of the Current Products is a "one-piece holder" and none of them has a "stop."[2]

**1. One-Piece Holder**

In support of their argument that the Current Products are not "one-piece," defendants rely on the declaration of Alexander Elnekaveh, Chief Executive Officer of Aroa, who states the Current Products are "constructed from separate components that are not integrally formed," specifically, "a plate and latch member that is biased to a mount by a leaf spring so that the free end of the latch member may bear against the plate." (See Elnekaveh Decl. ¶ 4.)[3] Plaintiff offers no evidence to the contrary, and, further, does not assert that any of the Current Products is a "one-piece" holder. Nonetheless, plaintiff

---

[1]Defendants describe the subject eight products as the "most current accused products." (See Defs.' Mot. at 4:24-25.)

[2]In its opposition, plaintiff argues various accused products other than the eight at issue in the instant motion are infringing as well. (See, e.g., Pl.'s Opp. at 11:5-11 (discussing asserted infringement by defendants' "TM235 and TM 241" products).) Because defendants seek summary adjudication of non-infringement only with respect to the eight Current Products, the Court does not address plaintiff's arguments pertaining to other products.

[3]Defendants state Skymall is a "customer" of Aroa. (See Defs.' Mot. at 14-15.) Neither party distinguishes between the two defendants for purposes of the instant motion.

2

argues, defendants, for two reasons, are not entitled to summary adjudication as to the issue of whether the Current Products infringe the '230 Patent. The Court finds neither argument persuasive.

First, plaintiffs argue the term "one-piece," which is found in the preamble of each asserted independent claim in the '230 Patent, is not a claim limitation, but, rather, states a purpose or intended use of the claimed holder. Plaintiff made no such argument in connection with the claim construction hearing conducted on March 5, 2007, and, indeed, at that time, sought a construction of "one-piece," albeit a proposed construction different from that adopted by the Court. In any event, plaintiff offers no cognizable argument as to why reconsideration of the Court's construction is warranted. See Civil L.R. 7-9(b) (setting forth grounds for motion for leave to file motion for reconsideration). Further, assuming reconsideration is proper, the Court finds "one-piece" is a claim limitation. "[T]erms appearing in a preamble may be deemed limitations of a claim when they give meaning to the claim and properly define the invention." See In re Paulsen, 30 F. 3d 1475, 1479 (Fed. Cir. 1994) (internal quotation and citation omitted). Here, during the prosecution history, plaintiff successfully distinguished certain prior art references by describing the claimed invention as a "one-piece holder" comprising certain elements, while describing such prior art references as lacking a "money-clip portion" that was "integrally formed with the frame portion." (See Lauson Decl. Ex. 9 at 61.) In other words, plaintiff identified the "one-piece" nature of the device as being a novel aspect of the invention. Thus, contrary to plaintiff's newly-raised argument that "one-piece" merely describes a purpose or intended use of the invention, the Court finds "one-piece" is necessary to properly define the invention.

Plaintiff next argues a triable issue of fact exists as to the doctrine of equivalents. Under the doctrine of equivalents, an accused device infringes where "the differences between the claimed invention and the accused device or process are insubstantial." Texas Instruments Inc. v. Cypress Semiconductor Corp., 90 F. 3d 1558, 1563-64 (Fed. Cir. 1996) (internal quotation and citation omitted). If, however, "a theory of equivalence would vitiate a claim limitation, . . . there can be no infringement under the doctrine of equivalents

3

as a matter of law." See Tronzo v. Biomet, Inc., 156 F. 3d 1154, 1160 (Fed. Cir. 1998) (holding accused device having hip implant cup in "hemisherical shape" not, as matter of law, equivalent to claimed cup having "generally conical outer surface," even though patentee offered expert testimony that shape of cup was "irrelevant to achieving the desired result and that after successful implantation any shape would function essentially the same way"). Here, plaintiff argues the Current Products are substantially equivalent to the claimed "one-piece holder" because the Current Products achieve "the same results; i.e., they hold currency on one side of the combination holder." (See Pl.'s Opp. at 15:20-22.) If plaintiff's argument were accepted, the "one piece" limitation would be rendered a nullity, i.e., plaintiff's theory of equivalence "would vitiate [the] claim limitation." See Tronzo, 156 F. 3d at 1160.

Accordingly, the Court finds defendants are entitled to summary adjudication in their favor as to the issue of whether the Current Products infringe the '230 Patent.

**2. Stop**

In support of their argument that the Current Products do not have a "stop," defendants submit a photograph of each of the Current Products, none of which shows any impediment or obstacle to block forward movement of cards placed in the card-holder side of the device. (See Elnekaveh Decl. Ex. B.) Defendants also offer the declaration of Elnekaveh. As described by Elnekaveh, a card in the Current Products "slides freely through the card receptacle with no impediment or obstacle to block forward movement of the card"; rather, the Current Products "use springs to hold the card[,] . . . allowing the card to slide freely out both ends of the receptacle." (See id. ¶ 3.)

In opposition, plaintiff, with respect to six of the Current Products, specifically, TM 498 Gold, TM 498 Nickel, TM 499 Gold, TM 499 Nickel, TM 335 Nickel, and TM 498 Gold with Watch, offers no evidence to support a finding that any one or more of such products has, either literally or under the doctrine of equivalents, a "stop."

With respect to the remaining two Current Products, specifically, "TM 287 Gold" and "TM 288 Nickel," plaintiff relies, inter alia, on Aroa's responses to interrogatories,

4

1  specifically, Aroa's statement that "the TM287 and TM288 were only sold for a limited time

2  with a 'stopper.'" (See Andara Decl. Ex. PP at 4:22-5:1.)  Defendants fail to address in any

3  respect such apparent admission that those two products had a stop, other than to state, "If

4  plaintiff can prove earlier versions of the TM 287/288 . . . included stops, then those units

5  may be found to infringe at trial."  (See Defs.' Reply at 4:20-22.)[4]

6          Accordingly, the Court finds defendants are entitled to summary adjudication in their

7  favor as to the issue of whether six of the Current Products, specifically, "TM 498 Gold,"

8  "TM 498 Nickel," "TM 499 Gold," "TM 499 Nickel," "TM 335 Nickel," and "TM 498 Gold with

9  Watch," infringe the '422 Patent, but are not entitled to such summary adjudication with

10  respect to TM 287 Gold and TM 288 Nickel.

11  **B.  Damages**

12          Defendants argue plaintiff lacks evidence to support a finding of entitlement to

13  damages for any infringement of the '230 Patent occurring before the instant case was

14  filed.  Specifically, defendants argue plaintiff lacks evidence to prove plaintiff marked its

15  products with the '230 Patent in conformity with 35 U.S.C. § 287(a), and that plaintiff lacks

16  evidence to prove plaintiffs gave defendants actual notice of infringement of the '230 Patent

17  at any time before filing the instant action.

18          A patentee "may give notice to the public that the [plaintiff's article] is patented,

19  either by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number

20  of the patent, or when, from the character of the article, this can not be done, by fixing to it,

21  or to the package wherein one or more of them is contained, a label containing like notice."

22  See 35 U.S.C. § 287(a).  "In the event of failure to so mark, no damages shall be

23  recovered by the patentee in any action for infringement, except on proof that the infringer

24  was notified of the infringement and continued to infringe thereafter, in which event

25  damages may be recovered only for infringement occurring after such notice."  Id.

26  _____

27          [4]The Court observes, as plaintiff points out, that the depictions of the TM 287 Gold
    and TM 288 Nickel in defendants' October 2007 catalog do not exactly match the
28  photographs of such products offered by defendants in support of the instant motion.
    (Compare Elnekaveh Decl. Ex. B with Gruber Decl. Ex. P.)

1  Consequently, under § 287(a), a patentee is entitled to damages "from the time it either

2  began marking its product in compliance with section 287(a) (constructive notice), or when

3  it actually notified the accused infringer of its infringement, whichever was earlier." See

4  Maxwell v. J. Baker, Inc., 86 F. 3d 1098, 1111 (Fed. Cir. 1996) (internal quotation,

5  alterations and citation omitted).  Where a patentee relies on marking to establish

6  constructive notice, the patentee must prove such marking was "substantially consistent

7  and continuous," i.e., that it "consistently marked substantially all of its patented products."

8  See id. (internal quotation and citation omitted).  Where a patentee relies on actual notice,

9  the filing of an action for infringement constitutes such notice.  See 35 U.S.C. § 287(a).  If

10  the patentee relies on earlier notice, the patentee must prove it communicated to the

11  defendant a "specific charge of infringement by a specific accused product or device."  See

12  Amsted Industries Inc. v. Buckeye Steel Castings Co., 24 F. 3d 178, 187 (Fed. Cir. 1994).

13       Here, plaintiff argues there is a triable issue of fact as to its compliance with

14  § 287(a) because it marked its holder with the '230 Patent, or, alternatively, because it gave

15  defendants actual notice of infringement of the '230 Patent in January 2001.  The Court

16  disagrees.

17       With respect to marking, plaintiff relies on the declaration of its President, Scott

18  Kaminsky ("Kaminsky").  Kaminsky states that plaintiff's "Smart Money Clip" product is

19  "covered by" the '230 Patent, (see Kaminsky Decl. ¶ 5), that "[i]n 1998," plaintiff began

20  selling the "Smart Money Clip" to Aroa, (see id. ¶ 9), and that "[d]uring this time, the Smart

21  Money Clip was stamped with either the '019 Patent, the '230 Patent, or the '422 Patent,"

22  (see id.).  Kaminsky further states that "[i]n January 2001," Aroa began to sell a product

23  plaintiff believed infringed the '422 Patent, (see id. ¶ 10), and that plaintiff's relationship with

24  Aroa "subsequently ended," (see id.).  Read in the light most favorable to plaintiff, see

25  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986),

26  Kaminsky's reference to plaintiff's stamping as having occurred "during this time," although

27  immediately following Kaminsky's reference to 1998, could be understood to refer not only

28  to 1998, but to the "time" plaintiff sold the Smart Money Clip to Aroa, which, as noted,

6

1  ended in or around January 2001.  Kaminsky fails, however, to state how many of plaintiff's

2  products "during this time" were marked with the '230 Patent, as opposed the '019 or '422

3  Patents, both of which he also references.  Further, Kaminksy does not address, in any

4  respect, whether plaintiff marked its products with the '230 Patent after January 2001, nor

5  does plaintiff otherwise offer evidence to support a finding that plaintiff so marked any

6  product with the '230 Patent, let alone that any such marking was done on a "substantially

7  consistent and continuous" basis.  See Maxwell, 86 F. 3d at 1111.

8        With respect to actual notice prior to the filing of the instant action, plaintiff relies on

9  evidence that Kaminsky, on January 16, 2001, faxed a letter to EVS Holding Corporation,

10  Inc. ("EVS").  (See Kaminksy Decl. ¶ 11, Ex. A.)  The letter states plaintiff had "become

11  aware of a card and money holder being advertised and sold by [EVS] in [EVS's] January,

12  2001 Gadget Universe catalogue" and that plaintiff is the "exclusive licensee" of the '230

13  patent."  (See id. Ex. A.)  The letter further states that a copy of the '230 Patent, and other

14  patents, are "attached for [EVS's] review," and ends with the following sentence:  "I would

15  like to discuss this matter with and would appreciate a call from you once you have

16  reviewed the attached patents as they apply to your advertised and sold product."  (See id.)

17  Even assuming, arguendo, notice to EVS constitutes notice to defendants herein, and

18  further assuming the letter's reference to a "card and money holder being advertised" in a

19  specified catalog would have been understood by EVS as a reference to a specific accused

20  device or product, the letter does not charge EVS with infringement of the '230 Patent;

21  rather, as noted, the letter invites EVS to "review" the '230 Patent and to thereafter

22  "discuss" with plaintiff whether the '230 Patent "appl[ies]."  (See id.)  A communication of

23  such nature does not, as a matter of law, constitute a "specific charge of infringement by a

24  specific accused product or device."  See Amsted Industries, 24 F. at 186-87 (holding letter

25  informing defendant of plaintiff's ownership of patent and stating defendant "should . . .

26  refrain from supplying or offering to supply component parts which would infringe" was

27  insufficient to afford defendant actual notice of charge of infringement).

28        Consequently, the Court finds plaintiff has failed to raise a triable issue of fact as to

1 its having given defendants either constructive notice or actual notice, within the meaning

2 of § 287(a), prior to the filing of the instant action. Accordingly, defendants are entitled to

3 summary adjudication in their favor as to the issue of whether plaintiff is precluded from

4 recovering damages for infringement of the '230 Patent occurring prior to the date the

5 instant action was filed.

**CONCLUSION**

7    For the reasons stated above, defendants' motion is hereby GRANTED in part and

8 DENIED in part, as follows:

9    1. The motion is GRANTED and defendants shall have judgment in their favor on

10 the issue of infringement of the '230 Patent by TM 287 Gold, TM 288 Nickel, TM 498 Gold,

11 TM 498 Nickel, TM 499 Gold, TM 499 Nickel, TM 335 Nickel, and TM 498 Gold with

12 Watch.

13    2. The motion is GRANTED and defendants shall have judgment in their favor on

14 the issue of infringement of the '422 Patent by TM 498 Gold, TM 498 Nickel, TM 499 Gold,

15 TM 499 Nickel, TM 335 Nickel, and TM 498 Gold with Watch.

16    3. The motion is GRANTED and defendants shall have judgment in their favor on

17 the issue of damages for infringement of the '230 Patent occurring prior to the date the

18 instant action was filed.

19    4. In all other respects, the motion is DENIED.

20    **IT IS SO ORDERED.**

22 Dated: January 31, 2008

MAXINE M. CHESNEY
23                United States District Judge

8