IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STORUS CORPORATION,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AROA MARKETING, INC., et al.,<br><br>　　　　Defendants | No. C-06-2454 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTIONS FOR STAY PENDING REEXAMINATION AND TO CHANGE TIME** |

　　　　Before the Court is defendants' "Motion for Stay Pending Reexamination of the Patent-in-Suit" and "Motion to Change Time Pursuant to Local Rule 6-3," both filed February 19, 2008. Plaintiff has filed opposition to the motion to change time, to which defendants have replied. Having read and considered the motion to stay, the Court finds no opposition is necessary, and rules as follows.[1]

　　　　Three weeks before trial of the above-titled cause is set to commence, defendants filed the instant motion to stay the trial in light of defendants' having recently filed with the Patent and Trademark Office ("PTO") a request for reexamination of one of the two patents-at-issue herein.

//

---

[1] The motion to change time, by which defendants seek to have the motion to stay heard on shortened time, is DENIED as moot.

"Parties should not be permitted to abuse the reexamination process by applying for reexamination after protracted, expensive discovery or trial preparation." Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 407 (W.D. N.Y. 1999.) Indeed, a "clear rule [has] developed in cases considering stays that, where [ ] discovery has commenced, claim construction has been briefed, and dispositive motions have been filed and disposed of, courts should not grant stays for reexamination before the PTO." See Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, 2007 WL 1655625 (N.D. Cal. 2007). Such "clear rule" is wholly applicable herein, particularly given that discovery has been completed, no claims remain to be construed, and no pretrial matters remain pending, other than the Court's consideration of fully-briefed motions in limine. Further, defendants have not pursued any theory of invalidity herein. Moreover, the opinion on which defendants intend to rely in seeking reconsideration was decided in April 2007, and defendants fail to set forth any reason, let alone good cause, for their having delayed the filing of a request for reexamination until essentially the eve of trial.

Accordingly, the motion to stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 25, 2008

MAXINE M. CHESNEY
United States District Judge